# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN ANDREW NEWBOLD, | * | CIVIL ACTION NO. |
| THROUGH HIS DULY AUTHORIZED | * | |
| CURATOR, DAVID NEWBOLD; | * | SECTION |
| DAVID NEWBOLD, INDIVIDUALLY; | * | |
| BRIANA CAROLINE STOCKETT; | * | DISTRICT JUDGE |
| AND DEANNA NICOLE SMITH | * | |
| | * | MAGISTRATE |
| VERSUS | | |
| | | |
| KINDER MORGAN SNG OPERATOR | | |
| LLC AND SOUTHERN NATURAL | | |
| GAS COMPANY LLC | | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 Defendants, Kinder Morgan SNG Operator LLC ("Kinder Morgan") and Southern Natural Gas Company LLC ("Southern Natural Gas"), hereby give notice and remove this case to the United States District Court for the Western District of Louisiana. Defendants represent the following in accordance with the requirement of 28 U.S.C. § 1446(a) for a "short and plain statement of the grounds for removal":

1.

Kinder Morgan and Southern Natural Gas are defendants in the matter styled "*John Andrew Newbold, through his duly authorized curator, David Newbold; David Newbold, individually; Briana Caroline Stockett; and Deanna Nicole Smith*" pending in the 3rd Judicial District Court of Union Parish, State of Louisiana, and bearing Case No. 49,745 ("State Court Action").

2.

Plaintiffs filed their Petition in the State Court Action on March 15, 2021.

3.

Southern Natural Gas was served with process in the State Court Action on March 24, 2021, and Kinder Morgan was served with process in the State Court action on March 30, 2021.

4.

This Notice of Removal is timely filed, as it is being filed within thirty days after receipt of the initial pleading setting forth the claims for relief and within thirty days of service of process as required by 28 U.S.C. § 1446(b).

5.

Venue is proper in this Court pursuant to 28 U.S.C. § 1446(a), as the United States District Court for the Western District of Louisiana is the District in which the State Court Action was pending.

6.

Plaintiffs allege in their Petition that on April 16, 2020, John Andrew Newbold was a passenger on a 14-foot flat bottom aluminum boat while fishing in Bayou D'Arbonne located in Union Parish, Louisiana when the boat struck a submerged "special mark" associated with a natural gas pipeline causing Newbold to be ejected from the boat and sustain serious injuries.[1]

7.

Plaintiffs further allege that Southern Natural Gas is the owner of the pipeline special mark and that Kinder Morgan is the operator of the pipeline special mark.[2]

8.

This Court has diversity subject matter jurisdiction under 28 U.S.C. § 1332(a).

---

[1]  *See generally* the Plaintiffs' Petition, attached as Exhibit A.
[2]  *Id.* at ¶¶ 23 and 36.

9.

Federal district courts have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Federal diversity jurisdiction is proper in this matter because (1) there is complete diversity among the parties, and (2) the jurisdictional amount is met.

## CITIZENSHIP OF PLAINTIFFS

10.

According to the Petition, Plaintiffs "are all of full age of majority and are major resident and domiciliaries of the Parish of Ouachita, State of Louisiana."[3]

## CITIZENSHIP OF SOUTHERN NATURAL GAS COMPANY LLC

11.

Southern Natural Gas Company LLC is a Delaware limited liability corporation with its principal place of business in Texas.[4] Southern Natural Gas Company LLC has two members: Evergreen Holdings LLC and Kinder Morgan SNG Operator LLC (also separately named as a defendant).

12.

The first member of Southern Natural Gas Company LLC, Evergreen Holdings LLC, has two members, The Southern Company and Southern Company Gas, which are both corporations.

---

[3] *Id.* at ¶ 2.

[4] For purposes of diversity jurisdiction, a limited liability company takes the citizenship of each of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

13.

The Southern Company is a citizen of Delaware (state of incorporation) and Georgia (principal place of business).[5]

14.

Southern Company Gas is a citizen of Georgia (state of incorporation and principal place of business).

### CITIZENSHIP OF KINDER MORGAN SNG OPERATOR LLC

15.

The second member of Southern Natural Gas Company LLC, Kinder Morgan SNG Operator LLC, is also separately named as defendant in this case. Kinder Morgan SNG Operator LLC is a Delaware limited liability company with its principal place of business in Texas and has one member: Kinder Morgan Energy Partners LP.[6]

16.

Kinder Morgan Energy Partners LP is a Delaware limited partnership with its principal place of business in Texas and has three partners: Kinder Morgan, Inc., Kinder Morgan GP LLC (general partner interest), and Kinder Morgan GP LLC (limited partner interest).

17.

Kinder Morgan Inc. is a citizen of Delaware (state of incorporation) and Texas (principal place of business).

---

[5] For purposes of diversity jurisdiction, a corporation is deemed a citizen of its state of incorporation and the state in which its principal place of business is located. *See* 28 U.S.C. § 1332(c)(1).

[6] For purposes of diversity jurisdiction, a limited partnership's citizenship is determined by that of each of its partners. *See Harvey v. Grey Wolf Drilling*, 542 F.3d 1077, 1079 (5th Cir. 2008).

18.

Kinder Morgan GP LLC as both the general partner interest and limited interest partner of Kinder Morgan Energy Partners LP has one member, Kinder Morgan, Inc., which as stated above is a citizen of Delaware and Texas.

19.

Accordingly, for purposes of diversity jurisdiction, Southern Natural Gas Company LLC is a citizen of Delaware, Georgia, and Texas. Kinder Morgan SNG Operator LLC is a citizen of Delaware and Texas.

20.

Because all of the Plaintiffs are citizens of Louisiana and the Defendants are citizens of Delaware, Georgia, and Texas, complete diversity is satisfied.

21.

As to the amount in controversy, a plaintiff in Louisiana state court may not plead the monetary value of a damage claim.[7] A defendant removing an action to federal court on the basis of diversity jurisdiction must therefore prove by a preponderance of the evidence that the amount in controversy exceeds $75,000, either by demonstrating that it is facially apparent that the amount in controversy exceeds $75,000, or by setting forth the facts in controversy, preferably in the removal petition, that support a finding of the requisite amount.[8]

22.

Plaintiffs' Petition alleges that Andrew Newbold, who is now allegedly interdicted as a result of his injuries from this incident, suffered the following injuries from the boating accident:

---

[7] La. Code. Civ. Proc. art. 894.

[8] *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). *See also* 28 U.S.C. § 1443(c)(2)(A)(ii).

head trauma; open skull fracture; laceration of scalp; traumatic hemorrhage of left cerebrum with prolonged loss of consciousness without return to pre-existing conscious level with patient surviving; anoxic brain injury; damage to left temporal and left parietal lobes; speech and right-side motor skills affected; aspiration requiring permanent tracheostomy and feeding tube; acute kidney injury; acute tubular necrosis; acute blood loss anemia; pressure injury of sacrum (stage 4) and lower right buttock (stage 3); acute hypoxemic respiratory failure; and aspiration pneumonia.[9]

23.

Plaintiff, Andrew Newbold, through his duly authorized curator David Newbold, seeks damages for loss of wages, loss of future earnings and earning capacity, past, present, and future medical expenses, benefits, loss of enjoyment of life, mental anguish, disability, disfigurement, mental and physical pain and suffering, and any other item of damages which may be proven at trial.[10]

24.

Additionally, Plaintiffs, David Newbold, Briana Stockett, and Deanna Smith, assert that they are entitled to past, present, and future loss of consortium, service, love, affection and society, mental anguish and nurturing.[11]

---

[9]  Exhibit A at ¶ 73.

[10]  *Id.* at ¶ 74.

[11]  *Id.* at ¶ 75.

25.

Based upon these allegations, Kinder Morgan and Southern Natural Gas assert it is facially apparent that, due to the nature, extent, and severity of damages claimed, the amount in controversy exceeds $75,000, exclusive of interest and costs.[12]

26.

Additionally, even though Plaintiffs have brought this action in state court pursuant to the general maritime law of the United States and invoked the Saving to Suitors Clause of Title 28 U.S.C. § 1333, general maritime law claims are removable when diversity jurisdiction is satisfied.[13]

27.

Accordingly, this matter is removable under 28 U.S.C. § 1441, in that it is a civil action over which the United States District Court for the Western District of Louisiana has original subject matter jurisdiction under 28 U.S.C. § 1332(a).

28.

Kinder Morgan and Southern Natural Gas hereby remove this action to the United States District Court for the Western District of Louisiana.

29.

Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on Kinder Morgan and Southern Natural Gas are attached as Exhibit B.

---

[12] *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

[13] *See In re Eckstein Marine Serv. L.L.C.*, 672 F.3d 310, 315–16 (5th Cir. 2012) (recognizing that admiralty cases "cannot be removed in the absence of diversity"); *see also Ibarra v. Port of Houston Auth. of Harris Cty.*, No. 20-4227, 2021 WL 1114290, at *6 (S.D. Tex. Mar. 17, 2021) ("[T]he longstanding rule in this and other circuits has been that admiralty and general maritime claims filed in state court are removable only in the presence of diversity of citizenship or a federal question other than the maritime nature of the claims.").

30.

By joining in this notice of removal, Kinder Morgan and Southern Natural Gas hereby jointly give their written consent to this removal.

31.

The allegations of this Notice were true at the time the State Court Action was commenced and remain true as of the date of filing of this Notice of Removal.

32.

Undersigned counsel certifies that a notice of filing removal, along with a copy of this Notice of Removal, will be promptly filed with the 3rd Judicial District Court of Union Parish.

WHEREFORE, Kinder Morgan and Southern Natural Gas hereby remove this action to the United States District Court for the Western District of Louisiana.

Respectfully submitted,

/s/   Thomas P. Diaz
Thomas P. Diaz (Bar #18863)
Alexander J. Baynham (Bar #36369)
**LISKOW & LEWIS**
Hancock Whitney Center, Suite 5000
701 Poydras Street
New Orleans, Louisiana 70139
Telephone:  504-581-7979
Facsimile:  504-556-4108

and

*/s/ Thomas M. Hayes, III*
Thomas M. Hayes, III (Bar No.6685)
Thomas M. Hayes, IV (Bar No. 28600)
HAYES, HARKEY, SMITH & CASICO, L.L.P.
1500 North 19th Street, Suite 701 (71201)
Post Office Box 8032
Monroe, Louisiana 71211-8032

Telephone: (318) 387-2422
Facsimile: (318) 388-5809
Email: tom@hhsclaw.com
Email: tommy@hhsclaw.com

***Attorneys for Defendants, Kinder Morgan SNG Operator LLC and Southern Natural Gas Company LLC***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 8, 2021, a copy of the foregoing pleading was (1) filed electronically with the Clerk of Court using the CM/ECF system with notice being sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system, and (2) sent by fax and United States mail, postage prepaid, to counsel for the plaintiffs and the Clerk of Court for the 3rd Judicial District Court of Union Parish.

/s/   Thomas P. Diaz